**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

LESLIE JOSEPH,                       :
                                     :     Civil Action No. 07-2935 (SDW)
          Petitioner,                :
                                     :
     v.                              :     **OPINION**
                                     :
MICHAEL POWER, et al.,               :
                                     :
          Respondents.               :


**APPEARANCES:**

Petitioner <u>pro se</u>              Counsel for Respondents
Leslie Joseph                        Annmarie Cozzi
Lock Bag-R                           Assistant Prosecutor
East Jersey State Prison             Bergen Co. Prosecutor's Ofc.
Rahway, NJ 07065                     Bergen County Justice Ctr.
                                     10 Main Street
                                     Hackensack, NJ 07601

**WIGENTON**, District Judge

   Petitioner Leslie Joseph, a prisoner currently confined at East Jersey State Prison in Rahway, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Acting Administrator Michael Power and the Attorney General of New Jersey.

   For the reasons stated herein, the Petition must be dismissed with prejudice as untimely.

I.  BACKGROUND

Petitioner was convicted in the Superior Court of New Jersey, Law Division, Bergen County, of armed robbery, N.J.S.A. 2C:15-1, possession of a knife for an unlawful purpose, N.J.S.A. 2C:39-4d, and possession of a knife under circumstances not manifestly appropriate for such lawful uses as it may have, N.J.S.A. 2C:39-5d.  The trial judge imposed a twenty-year sentence with a ten-year parole disqualifier on count one, merged count two into count one, and imposed a consecutive eighteen-month term on count three.  The sentence was made to run consecutive to a sentence Petitioner was then serving in New York.

On direct appeal, the Superior Court of New Jersey, Appellate Division, affirmed the judgment of conviction and sentence on count one.  The Appellate Division also ordered that the conviction on count three be merged into count one and vacated.  The matter was remanded for entry of an amended judgment consistent with the opinion of the Appellate Division. (Opinion of Superior Court of New Jersey, Appellate Division, Oct. 30, 1998.)  On December 2, 1998, the trial court amended the Judgment of Conviction to conform to the Appellate Division's decision, imposing a sentence of twenty-years imprisonment with a 10-year parole disqualifier, to be served consecutive to Petitioner's New York sentence.  On February 3, 1999, the Supreme

Court of New Jersey denied certification.  Petitioner did not seek a writ of certiorari in the United States Supreme Court.

Petitioner's pro se petition for post-conviction relief was dated November 7, 2001, and was received by the trial court on November 16, 2001.  In that petition, Petitioner requested the appointment of counsel.  (Respondents' Ex. 7.)  Oral argument was heard on April 3, 2003, and the petition was denied on May 5, 2003.  On November 15, 2006, the Appellate Division affirmed the denial of relief.  On April 12, 2007, the Supreme Court of New Jersey denied certification.

On June 20, 2007, Petitioner submitted this Petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  Respondents have answered and assert, <u>inter</u> <u>alia</u>, that the Petition should be dismissed as untimely.  Petitioner has filed a Traverse, and this matter is now ready for disposition.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a

---

[1] As grounds for relief, Petitioner asserts: the ineffective assistance of trial counsel; prosecutorial misconduct; errors in the admission of certain evidence, procedural defects with respect to the criminal complaint and arrest warrant, and cumulate error depriving him of his right to a fair trial.

>    person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
>    ...
>
>    (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
>    (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
>    (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.
>
>    ...

28 U.S.C. § 2254. As discussed more thoroughly, below, a federal habeas petition is now subject to a limitations period. See 28 U.S.C. § 2244(d).

A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

4

III.  ANALYSIS

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d),[2] which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of–
>
>    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Thus, evaluation of the timeliness of this § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."[3]

---

[2] The limitations period is applied on a claim-by-claim basis.  See Fielder v. Verner, 379 F.3d 113 (3d Cir. 2004), cert. denied, 543 U.S. 1067 (2005); Sweger v. Chesney, 294 F.3d 506 (3d Cir. 2002).

[3] Other starting dates for the limitations period include

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court.  See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n.1 (3d Cir. 1999); U.S. Sup. Ct. R. 13.

Here, Petitioner's conviction became final on May 4, 1999, ninety days after the Supreme Court of New Jersey denied certification on February 3, 1999.  Thus, his federal habeas petition was due to be filed no later than May 4, 2000, unless the limitations period was tolled.

To statutorily toll the limitations period, a state petition for post-conviction relief must be "properly filed."

> An application is "filed," as that term is commonly understood, when it is delivered to, and accepted by the appropriate court officer for placement into the official record.  And an application is "properly filed" when its delivery and acceptance are in compliance with the applicable laws and rules

---

> and made retroactively applicable to cases on collateral review, or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(B)-(D).  Petitioner does not allege any facts bringing his claims within any of these starting dates.  Accordingly, the timeliness of his Petition must be determined through reference to the general timeliness provision of 28 U.S.C. § 2244(d)(1)(A).

6

> governing filings.  These usually prescribe, for example, the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee.  In some jurisdictions the filing requirements also include, for example, preconditions imposed on particular abusive filers, or on all filers generally.  But in common usage, the question whether an application has been "properly filed" is quite separate from the question whether the claims <u>contained in the application</u> are meritorious and free of procedural bar.

<u>Artuz v. Bennett</u>, 531 U.S. 4, 8-9 (2000) (citations and footnote omitted) (finding that a petition was not "[im]properly filed" merely because it presented claims that were procedurally barred under New York law on the grounds that they were previously determined on the merits upon an appeal from the judgment of conviction or that they could have been raised on direct appeal but were not).

Where a state court has rejected a petition for post-conviction relief as untimely, however, it was not "properly filed" and the petitioner is not entitled to statutory tolling under § 2244(d)(2).  <u>Pace v. Diguglielmo</u>, 544 U.S. 408 (2005).  This is so even where, in the alternative, the state court addresses the merits of the petition in addition to finding it untimely.  <u>Carey v. Saffold</u>, 536 U.S. 214, 225-26 (2002).

An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled from the time it is "properly filed," during the period between a lower state court's

decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed, Swartz v. Meyers, 204 F.3d at 420-24.  However, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)."  Stokes v. District Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir.), cert. denied, 534 U.S. 959 (2001).

Here, Petitioner's first state petition for post-conviction relief was filed, at the earliest, on November 7, 2001, the date of the PCR petition.[4]  As the state PCR petition was filed after Petitioner's one-year federal limitations period ran on May 4, 2000, it cannot operate to statutorily toll the federal limitations period under § 2244(d)(2).

The limitations period of § 2244(d) also is subject to equitable tolling.  Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.), cert. denied, 534 U.S. 944 (2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998).  But see Pace v.

---

[4] "[A] pro se prisoner's habeas petition is deemed filed at the moment he delivers it to prison officials for mailing to the district court."  Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998) (citing Houston v. Lack, 487 U.S. 266 (1988)).

DiGuglielmo, 544 U.S. 408, 418 n. 8 (2005) (assuming, without deciding, that the limitations period of § 2244(d) is subject to equitable tolling).

> Equitable tolling applies:
>
> only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller, 145 F.3d at 618-19 (citations and punctuation marks omitted). See also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) ("Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.").

Among other circumstances, the Court of Appeals for the Third Circuit has held that equitable tolling may be appropriate "if the plaintiff has timely asserted his rights mistakenly in the wrong forum," i.e., if a petitioner has filed a timely but unexhausted federal habeas petition. Jones, 195 F.3d at 159. See also Duncan v. Walker, 533 U.S. 167, 183 (2001) (Stevens, J., joined by Souter, J., concurring in part) ("neither the Court's narrow holding [that the limitations period is not statutorily tolled during the pendency of a premature federal habeas petition], nor anything in the text or legislative history of

AEDPA, precludes a federal court from deeming the limitations period tolled for such a petition as a matter of equity"); 533 U.S. at 192 (Breyer, J., dissenting, joined by Ginsburg, J.) (characterizing Justice Stevens's suggestion as "sound").

In his Traverse, Petitioner asserts that the late filing of his state PCR petition was due to no fault of his own. Petitioner attaches a letter, dated October 28, 1999, from counsel advising that he had been assigned to Petitioner's "Post Conviction Relief matter." Petitioner asserts, further, that in December 2000, that same attorney advised Petitioner that he was taking new employment and could no longer represent Petitioner. Petitioner asserts that on December 18, 2000, a new attorney was assigned to his state post-conviction matter. Nevertheless, on November 7, 2001, Petitioner submitted a pro se PCR petition, including a request for the appointment of counsel. On January 2, 2003, Petitioner's appointed counsel filed a brief in support of Petitioner's PCR petition. Petitioner appears to be arguing that he missed the federal filing deadline because of ineffective assistance of his state PCR counsel and that he is, therefore, entitled to equitable tolling.

Ineffective assistance of counsel is not generally considered an extraordinary circumstance where the ineffectiveness is due to counsel's negligence or mistake. United States v. Martin, 408 F.3d 1089, 1093-94 (8th Cir. 2005).

10

Serious attorney misconduct, however, may warrant equitable tolling.  See Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), overruled on other grounds by Carey v. Saffold, 536 U.S. 214 (2002).  See also Spitsyn v. Moore, 345 F.3d 796, 798 (9th Cir. 2003); Baldayaque v. United States, 338 F.3d 145, 152 (2d Cir. 2003); United States v. Wynn, 292 F.3d 226, 230 (5th Cir. 2002); Rouse v. Lee, 339 F.3d 238, 250 n.14 (4th Cir. 2003).  But see Modrowski v. Mote, 322 F.3d 965, 968-69 (7th Cir. 2003) (rejecting attorney misconduct as a basis for equitable tolling because such conduct is "attributable to the client").

As noted above, Petitioner's federal limitations period expired on May 4, 2000.  The only attorney conduct alleged as grounds for equitable tolling that occurred prior to that date was the letter advising Petitioner of the assignment of counsel to represent Petitioner in his state post-conviction relief proceedings.  Nowhere in that letter does Petitioner's counsel advise Petitioner that he will represent Petitioner in his federal habeas petition, nor does he make any representations as to the limitations period or other conditions for filing a federal habeas petition.  Petitioner has presented no evidence that his state PCR counsel made any representations to Petitioner, misleading or otherwise, regarding the requirements for filing a federal habeas petition.  This Court is not prepared to find that the passive failure of counsel in a state PCR

11

petition to undertake to advise a prisoner of the requirements for filing a <u>federal</u> habeas petition, or to conduct the state PCR representation in such a manner as to preserve a prisoner's <u>federal</u> habeas limitations period, is necessarily a ground for equitable tolling.  This Court is even less inclined to find equitable tolling where this Petitioner has not diligently pursued his rights.  Petitioner does not allege that he made any effort to determine in 1999 or 2000 the requirements for filing a federal habeas petition should his state PCR petition be unsuccessful.  Nor does he indicate what, if any, efforts he made to pursue his state PCR petition between October 1999, when he learned counsel had been assigned, and November 7, 2001, more than two years later, when he filed his pro se state PCR petition.

Petitioner has presented no evidence of attorney misconduct or of his own diligence in pursuing his rights; accordingly, Petitioner is not entitled to equitable tolling.  The Petition must be dismissed with prejudice as time-barred.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional

right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find this Court's procedural ruling "debatable."  No certificate of appealability shall issue.

### V.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed with prejudice.  No certificate of appealability shall issue.  An appropriate order follows.

/s/Susan D. Wigenton
United States District Judge

Dated: 3/31/08

13