**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| LESLIE JOSEPH, | : | Civil Action No. 07-2935 (SDW) |
| Petitioner, | : | |
| v. | : | **OPINION** |
| MICHAEL POWER, et al., | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro se</u>  
Leslie Joseph  
Lock Bag-R  
East Jersey State Prison  
Rahway, NJ 07065

Counsel for Respondents  
Annmarie Cozzi  
Assistant Prosecutor  
Bergen Co. Prosecutor's Ofc.  
10 Main Street  
Hackensack, NJ 07601

**WIGENTON**, District Judge

By Opinion and Order entered March 31, 2008, this Court dismissed with prejudice, as time-barred, Petitioner's Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Further, this Court denied a certificate of appealability. This matter is before the Court pursuant to Petitioner's Motion [15] for an extension of time to file an appeal.

I. DISCUSSION

As stated above, this Court entered its Opinion and Order dismissing this Petition for writ of habeas corpus on March 31, 2008. Thereafter, Petitioner filed in the U.S. Court of Appeals

for the Third Circuit a Motion [15] for extension of time to appeal, which was dated October 1, 2008, and is deemed filed in this Court as of that date.

As grounds for filing a late notice of appeal, Petitioner asserts:

1. East Jersey State Prison after a number of incidents occurring over the past several months, has been re-adjusting prisoner movement schedules which has placed serious restrictions on normal opportunities for prisoners access to the law library.

2. Time access has been inhibited due to time consuming movements that eat up any realistic research time.  There is also an immediate re-scheduling problem for such things as copies.

3. Without shame, the petitioner-appellant freely admits that his legal knowledge is extremely limited which further inhibited his filing on a timely basis, and begs the Court's indulgence.

Certification in support of Motion.

Federal Rule of Appellate Procedure 4(a)(5) provides, in pertinent part:

(A) The district court may extend the time to file a notice of appeal if:
   (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and
   (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

Fed.R.App.P. 4(a)(5).

Federal Rule of Appellate Procedure 4(a)(1)(A) requires that a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." See also Browder v. Dir., Illinois Dept. of Corrections, 434 U.S. 257, 264 (1978).  In computing the filing date, intermediate Saturdays, Sundays, and legal holidays are included in the computation; a Saturday, Sunday, or legal holiday that is the last day of the period is not included.  See Fed.R.App.P. 26(a)(2), (3); Jones & Laughlin Steel Corp. v. Gridiron Steel Co., 382 U.S. 32 (1965).  When the petitioner is a prisoner appearing pro se, the notice of appeal is considered filed at the time the petitioner delivers it to prison authorities for forwarding to the district court clerk.  Houston v. Lack, 487 U.S. 266, 276 (1988); Fed.R.App.P. 4(c).

Here, the appeal period expired on Wednesday, April 30, 2008, thirty days after the Opinion and Order dismissing the Petition were entered on the docket.  The thirty-day deadline for filing a motion for extension of time to appeal expired on Friday, May 30, 2008.

The Motion is untimely.  Accordingly, this Court cannot grant the motion for extension of time to appeal.

As the Motion is untimely, this Court need not consider whether Petitioner has established good cause or excusable

3

neglect. Nevertheless, Petitioner has failed to establish such "excusable neglect" or "good cause."

> The excusable neglect standard applies in situations in which there is fault; in such situations, the need for an extension is usually occasioned by something within the control of the movant. The good cause standard applies in situations in which there is no fault -- excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant.

Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232 (7th Cir. 1990) (quoted by Fed.R.App.P. 4(a)(5)(A)(ii) advisory committee's note to 2002 amendments).

Here, Petitioner raises issues of both "good cause," based upon his limited access to the law library, and "excusable neglect," based upon his ignorance of the law. Although Petitioner alleges that his access to the law library has been restricted, however, he does not indicate that he had no access to the library between his receipt of the March 31, 2008, Opinion and Order and October 1, 2008. Cf. Iannace v. Rogers, 2006 WL 2038492 (D.N.J. 2006) (holding that the petitioner there demonstrated a compelling reason for delay as he was prevented from accessing the mails). Moreover, a notice of appeal is a simple document that does not require the collection of supporting documentation or preparation of briefs.

The Court of Appeals for the Third Circuit has held that excusable neglect under Rule 4(a)(5) is to be examined using the test outlined by the Supreme Court of the United States in

<u>Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship</u>, 507 U.S. 380 (1993).  <u>In re Diet Drugs Products Liability Litigation</u>, 401 F.3d 143, 153 (3d Cir. 2005).  In <u>Pioneer</u>, the Supreme Court set forth the following factors for lower courts' consideration: (1) the danger of prejudice; (2) the length of delay and its potential impact on judicial proceedings; (3) the reasons for delay (including whether it was within reasonable control of the movant); and (4) whether the movant acted in good faith.  <u>Pioneer</u>, 507 U.S. at 395.

In the present circumstances, there appears to be little to no danger of prejudice to the Respondents.  The issues presented are primarily legal ones, and there appears to be no danger of lost evidence or witnesses.  Nor is there any reason to suspect that Respondents have taken any action in reliance on the Opinion and Order which would be prejudiced by allowance of a late appeal.

The length of delay is substantial.  The Motion was not filed within the 60 days contemplated by the rules.

The reasons for delay are not excusable.  Petitioner waited six months to submit a notice of appeal or motion for extension of time.  <u>Cf.</u> <u>Avery v. Hendricks</u>, 2006 WL 2627945 (D.N.J. 2006) (legal services are not needed to prepare notice of appeal, and there is no excusable neglect where the petitioner had access to

5

a law library).  To the contrary, this lengthy delay suggests a lack of good faith.

In reviewing all the circumstances, this Court finds no good cause or excusable neglect to justify granting an extension of time to file a notice of appeal.

## II.   CONCLUSION

For the reasons stated herein, the Motion for extension of time to file a notice of appeal must be denied.  An appropriate order follows.

S/Susan D. Wigenton
Susan D. Wigenton
United States District Judge

Dated: November 19, 2008